Lauriat, J.
The defendants, Lovis Avenue Trust (“the Trust”) and Andrew J. Campbell and Grace E. Campbell, Trustees (“the Trustees”), have moved for summary judgment in this action on the ground that the plaintiff, DiBiase Builders, Inc. (“DiBiase”), cannot succeed as a matter of law on its claims of breach of contract and violation of G.L.c. 93A arising from a failed purchase of real property in Wakefield, Massachusetts. For the reasons set forth below, the defendant’s motion for summary judgment is allowed.
BACKGROUND
The following undisputed facts underlie the defendant’s motion for summary judgment. Since December 15, 1997, the Trust has owned the property at issue, 18B Forest Street and 17AA Bonair Avenue, in Wakefield, Massachusetts. In September 2002, the property was marketed for sale by Catherine Mackey, owner of Home Towne Realty, Inc.
On September 26, 2002, Campbell, listed as Trustee of the Trust, signed an Offer to Purchase (“Offer”) presented by DiBiase, which offered a purchase price of $825,000. The Offer stated that the agreement was subject to:
1. Buyer obtaining all approvals for six building lots;
2. Buyer receiving a financing commitment within sixty days after final approvals;
3. Buyer completing the approval process for the definitive subdivision plan;
4. Execution of a mutually satisfactory Purchase and Sale agreement;
5. Payment of $1,000 to bind the offer and a further $19,000 down payment upon execution of the Purchase and Sale agreement.
The Offer stated that it would remain open until 5:00 p.m. on September 26, 2002.
*439 On May 14, 2003, after seven months of negotiations, counsel for DiBiase forwarded to the Trustees’ attorney a final version of the Purchase and Sale Agreement signed by DiBiase. In an addendum to the agreement, DiBiase crossed out the following language.
If any of the Boards in the Town of Wakefield deny this application, Buyer has no right to appeal. A denial by any Board shall render this Agreement null and void and all deposits held hereunder shall be returned with no further recourse to or by any party.
The parties agree that obtaining the various Board approvals could take three months to two years to complete. The Trustees did not sign the Purchase and Sale Agreement submitted by DiBiase’s attorney.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 710 (1991).
I.
The issue in the present case is whether DiBiase and the Trust were bound by the Offer they both had signed, or whether they were not bound until they executed the contemplated Purchase and Sale Agreement. Both parties cite McCarthy v. Tobin, 429 Mass. 84 (1999), as a leading case for determining whether the terms the Offer recited the essential elements of a contract for the sale of properly. The Trust offers McCarthy in support of its contention that the Offer, which does not recite a description of the property or the time and place of closing, is lacking significant material terms. The Trust therefore contends that at the time of the Offer, the parties were not in agreement on all material aspects of the transaction and the negotiation of a purchase and sale agreement was necessary to bind the parties.
DiBiase also relies on McCarthy in support of its contention that the Offer does not need to contain all the essential terms of a contract and that “the controlling force is the intention of the parties.” Id. at 87. However, case law suggests that a court may determine, based on the writings of the parties, whether the offer contained the essential elements of a binding contract. See McCarthy v. Tobin, 429 Mass. 84 (1999); Lafayette Place Assocs. v. Boston Redevelopment Auth., 427 Mass. 509 (1998); Blomendale v. Imbrescia, 25 Mass.App.Ct. 144 (1987); Goren v. Royal Investments, 25 Mass.App. 137 (1987).
In McCarthy, the Supreme Judicial Court held that the disputed offer to purchase contained material terms suggesting that the parties intended to be bound. The material terms included: (1) a description of the property; (2) the price to be paid; (3) the deposit requirements; (4) limited title requirements; and (5) the time and place for closing. McCarthy, supra at 85. The offer also included the language that the offer was a legal document that “create[d] binding obligations.” Id. The changes suggested in the purchase and sales agreement pertained to: (1) the requirements for good title; (2) the risk of casualty to the premises before sale; and (3) acknowledgment that the premises’ systems were operational. Id. The Court deemed these revisions “ministerial and nonessential terms of the bargain” and held that the offer to purchase was binding as a contract for the sale of land. Id. at 87.
If the parties have agreed upon all material terms, it may be inferred that the purpose of a final document which the parties agree to execute is to serve as a polished memorandum of an already binding contract. Goren v. Royal Invs., Inc., 25 Mass.App.Ct. 137, 140 (1987). However, in some instances, the failure to use definite terms is fatal, especially where parties have not formalized negotiations or have left open essential terms. Lafayette Place Assocs. v. Boston Redevelopment Auth., 427 Mass. 509, 517 (1998). The Trust contends that the Offer at issue is not a binding contract since it does not address the description of the properly or the time and place of performance, and therefore the transaction “amounts to an open ended arrangement. ”
In Goren v. Royal Investments, 25 Mass.App. 137 (1987), the Appeals Court found that an offer to purchase was binding on the parties and the execution of a purchase and sale agreement was a mere formality pertaining to “subsidiary” matters. The signed offer to purchase was the fifth draft and included a description of the property and a closing date. Id. at 138. The Court noted that all economic issues were resolved in the offer and that the issues addressed in the purchase and sale agreement, such as title, insurance, and delivery of deed, could be resolved by existing customary norms. Id. at 141.
In contrast to the offers that were the subject of the McCarthy and Goren cases, the Offer upon which DiBiase relies omits basic information, specifically, a description and location of the property and a closing date. The omission of a closing date, in effect, leaves acceptance by DiBiase open for an indefinite period of time. Although the McCarthy decision narrowly prescribes the essential elements of a contract for the sale of real estate, the importance of including both a *440 description of the property and timing of performance in such a contract was not ignored.
Parties will not always be precluded from binding themselves when uncertainties exist in their agreement. If parties specify formulae and procedures, although contingent on future events, to serve as mechanism to narrow the uncertainties, the parties may be bound. Lafayette Place Assocs., supra at 518. Here, the Offer provided that DiBiase was to obtain the various Board approvals regarding the property. However, that provision must fail as such a mechanism because, as illustrated by the unsigned purchase and sale agreement, the parties did not agree to the duration allowed for obtaining the Board approvals. The absence of a closing date in the Offer renders the agreement too indefinite to be a binding contact, and the contemplated purchase and sale agreement cannot be considered a mere formality. The court concludes that there were insufficient terms to establish a binding contract, and the Trust is entitled to summary judgment on this basis.
II.
DiBiase signed the Offer conditioned on the parties signing a “mutually satisfactory” purchase and sale agreement. “Language looking to execution of a final written agreement justifies a strong inference that significant items on the agenda of the transaction are still open, and hence, that the parties do not intend to be bound.” Goren v. Royal Invs., Inc., 25 Mass.App.Ct. 137, 140 (1987).
In Blomendale v. Imbrescia, 25 Mass.App.Ct. 144 (1987), the Appeals Court determined that an offer to purchase with terms limited to description of the property, price, deposit amount, contemplation of a purchase and sale agreement, and closing date was not binding on the parties. The Court characterized the preliminary document as “crude” and determined that an addendum to the purchase and sale agreement restricting delivery of the deposit and requesting the seller to warranty all leases did not constitute ministerial matters. Id. at 145-47. The additions to the purchase and sale agreement suggested “imperfect negotiations” and therefore, the parties were not in agreement at the time they signed the offer to purchase. Id. at 147.
The requirements in the Offer in the present case pertaining to obtaining approvals from the Board, were not mere ministerial matters. The unlimited opportunity to appeal Board decisions sought by DiBiase from the Trust reflects imperfect negotiations at the time of the original agreement. DiBiase’s elimination of the clause limiting his opportunity to appeal the Boards’ decisions would leave the termination of the transaction contingent solely on DiBiase seeking the various approvals and appealing the Boards’ decisions, which could take between three months to two years to complete. Therefore, DiBiase would have complete control over the close of the transaction and the Trust would have no avenue of relief against DiBiase so long as final approval was outstanding.
Unlike the matters of title, risk of casualty, and condition of the premise which were considered “ministerial” in McCarthy, the matter of appealing Board decisions cannot be resolved by norms of “customary resolution.” McCarthy, supra at 87. Further, the term at issue pertains to the duration of acceptance and performance itself, not simply to a time schedule regarding the exchange of formalities. In a contract to sell property, such a change in a purchase and sale agreement is deemed a material element of the contract. DiBiase introduced a new element which had not been discussed or agreed upon by the parties when they signed the Offer. Even if the Offer provided a description of the property and a closing date, the fact that DiBiase did not add the language pertaining to Board appeals until the drafting of the purchase and sale agreement indicates that he did not intend for the Offer to contain the final terms of the transaction. Therefore, the parties did not intend to be bound by their preliminary agreement and the Trust is entitled to summary judgment on this basis as well.
ORDER
For the foregoing reasons, the Defendants Lovis Avenue Trust’s Motion for Summary Judgment is ALLOWED.